UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x          **No. 18-CV-3691**

CAZÉ D. THOMAS,

        Plaintiff,

    -against-

FIVE STAR ELECTRIC, DEPT OF EEOC, DEPT
OF HUMAN RIGHTS, METROPOLITAN
TRANSPORTATION AUTHORITY,

        Defendants.

------------------------------------------------------------------ x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# AMENDED MOTION TO DISMISS AS AGAINST MTA


METROPOLITAN TRANSPORTATION AUTHORITY
Office of the General Counsel
Jason Douglas Barnes
2 Broadway, 4th Floor
New York, NY 10004
(212) 878-7215
jabarnes@mtahq.org
Attorneys for Defendant MTA

## TABLE OF AUTHORITIES

**Cases**

*Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008) ........................................................ 4

*Carter v. Verizon*, No. 13-CV-7579, 2015 U.S. Dist. LEXIS 6370 (S.D.N.Y. Jan. 20, 2015) ...... 1

*Gilani v. Hewlett-Packard Co.*, No. 15-CV-5609, 2018 U.S. Dist. LEXIS 156300 (S.D.N.Y.
    Sept. 12, 2018) ....................................................................................................................... 2

*Matthew v. B. Barine, Inc.*, No. 12-CV-53, 2013 U.S. Dist. LEXIS 28149 (E.D.N.Y. Feb. 28,
    2013) ........................................................................................................................................ 3

*McNaughton v. de Blasio*, No. 14-CV-221, 2015 U.S. Dist. LEXIS 13352 (S.D.N.Y. Feb. 4,
    2015) ........................................................................................................................................ 3

*Popat v. Levy*, 253 F. Supp. 3d 527 (W.D.N.Y. 2017) .................................................................. 2

**Statutes**

N.Y. C.P.L.R. 2307 ....................................................................................................................... 4

N.Y. Pub. Off. Law § 87 ................................................................................................................ 4

**ARGUMENT**

**PLAINTIFF'S ARGUMENTS DO NOT DISPUTE ANY OF THE GROUNDS FOR
DISMISSAL PRESENTED IN MTA'S MOTION PAPERS**

Plaintiff's papers filed in opposition to MTA's Amended Motion to Dismiss[1] do not

dispute any of the grounds for dismissal set forth in MTA's moving papers. As stated in MTA's

moving papers, "[t]o survive a 12(b)(6) motion to dismiss [], a pro se plaintiff's factual

allegations must be at least 'enough to raise a right to relief above the speculative level.'" *Carter*

*v. Verizon*, No. 13-CV-7579, 2015 U.S. Dist. LEXIS 6370, at \*11 (S.D.N.Y. Jan. 20, 2015)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's opposition papers do

not change the fact that he has neither alleged facts sufficient to raise a right to relief against the

MTA above the speculative level, nor pointed to any legal authority that would dispute the

applicability of the law cited by MTA requiring dismissal.

First, Plaintiff alleges in his opposition papers a fact included nowhere in the Amended

Complaint, that Michael Brady is an employee of the MTA. This is very much not the case.[2]

However, as this is a motion to dismiss and the allegations in the Amended Complaint must be

taken at face value, suffice it to say that Plaintiff's Amended Complaint only alleges that he

spoke with "MTA Security Staff" and then spoke with Michael Brady, said to be the "2

Broadway Building Manager." Plaintiff alleges that Brady denied him access to records and told

---

[1] Plaintiff filed opposition papers under both Docket Number 23, on September 26, 2018, and Docket Number 29, on October 2, 2018. Because Plaintiff included his papers filed under Number 23 with Number 29, Number 29 will be treated as an Amended Opposition to the Amended Motion to Dismiss as against MTA (Docket Number 20) for purposes of this reply. Defendant MTA understands the due date for this reply to be November 7, 2018, per the Court's September 27, 2018 Order filed under Docket Number 24.

[2] Michael Brady was an employee of a CBRE, Inc., a company MTA contracted with to manage the building at 2 Broadway, which MTA leases from a private owner. Similarly, the "MTA Security Staff" Plaintiff alleges he interacted with were actually employees of Securitas, Inc., which was a subcontractor of CBRE, Inc. for building security services at 2 Brodway. There is an MTA Security Office staffed by MTA employees, but at no point in his narrative – or according to MTA's records - did Plaintiff interact with any members of that office.

1

Plaintiff's employer he had asked for records, and that based on that information, his employer

independently took action against him.

Additionally, Plaintiff's opposition argues that he can sue MTA under Title VII, because

MTA hired Five Star and "had a contract to pay them for electrical services rendered. The

Plaintiff being a part of the body in which made up the workforce to do electrical work for the

(Defendant) MTA." Even accounting for these allegations, Plaintiff does not allege that MTA

had a joint employer relationship with his employer, which by the terms of Plaintiff's own

allegations was an independent contractor.

> Though the Second Circuit has not articulated "a test for what constitutes joint
> employment" … it has held that such a finding requires "sufficient evidence of
> immediate control over the employees,"… Five factors bear on the immediate control
> determination: "whether the alleged joint employer (1) did the hiring and firing; (2)
> directly administered any disciplinary procedures; (3) maintained records of hours,
> handled the payroll, or provided insurance; (4) directly supervised the employees; or (5)
> participated in the collective bargaining process."

*Gilani v. Hewlett-Packard Co.*, No. 15-CV-5609, 2018 U.S. Dist. LEXIS 156300, *11 (S.D.N.Y.

Sept. 12, 2018) (quoting cases). Plaintiff does not allege that MTA did *any* of these things with

respect to his employment. Instead, he specifically disclaims that there was a joint employer

relationship. *See* Dkt. No. 29 at 3 ("The Plaintiff does not accuse the (Defendant) MTA of

having control over the circumstances of his employment with (Defendant) Five Star…"). MTA

was not a joint employer and this requires dismissal. *Popat v. Levy*, 253 F. Supp. 3d 527, 538-39

(W.D.N.Y. 2017) ("the amended complaint lacks *any* factual allegations about the degree to

which UBNS played a role in any aspect of his employment or shared employment decisions

with the University and/or Kaleida.").

Second, Plaintiff makes the strange allegation in his opposition papers that a security

guard, which he now adds was an MTA employee, followed him into the restroom at Five Star's

request – even though elsewhere he alleges it was his partner that followed him. *See* Amend.

2

Compl. 66, 70-71, 101.  Plaintiff does not allege any specifics as to when this took place, who

exactly followed him, by name or description, why he believes it was done at Five Star's request,

or any other details that would make it possible to investigate this allegation. Without these

details, such a far-fetched allegation cannot be credited as plausible, and, in any case, Plaintiff

alleges nothing to indicate that this was done for any discriminatory or retaliatory reason. *See*

*Matthew v. B. Barine, Inc.*, No. 12-CV-53, 2013 U.S. Dist. LEXIS 28149, at *5-12 (E.D.N.Y.

Feb. 28, 2013) (granting motion to dismiss *pro se* complaint claiming discrimination, in

opposition to which plaintiff added allegations that his manager had followed him into the

bathroom where there was no indication any adverse action had been taken because of plaintiff's

membership in a protected class); *McNaughton v. de Blasio*, No. 14-CV-221, 2015 U.S. Dist.

LEXIS 13352, at *19-24 (S.D.N.Y. Feb. 4, 2015) (dismissing *pro se* complaint and finding its

allegations "do not rise to the requisite level of facial plausibility," where plaintiff had alleged

conspiracy to violate his rights without sufficiently specific facts).

       Third, in his opposition papers, Plaintiff alleges in various ways that MTA, Michael

Brady, and "building security" failed to investigate a "false accusation" made against Plaintiff.

*Cf.* Amend. Compl. 59, 107. Presumably, this is referring to witness accounts of Plaintiff's

statement to one of his coworkers, Marcin Sanik, made in front of several witnesses, in which he

said,"if I wanted to kill you, I would kill you… this kid is going to make me punch him,"

because Plaintiff's Amended Complaint alleges that was when he asked "MTA Security" officers

about turnstile access records and security cameras. Amend. Compl. 55-56. Neither the MTA nor

2 Broadway's private security guards are under any obligation to investigate someone's claim

that they were falsely accused of threatening another person, nor are records of the type Plaintiff

asked for normally given to third parties without a court-ordered subpoena, and, depending on

the nature of their contents, possibly a confidentiality agreement. *Cf., e.g., Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is … no constitutional right to an investigation by government officials.") (granting motion to dismiss pro se complaint alleging conspiracy to violate the plaintiff's civil rights); N.Y. C.P.L.R. 2307; N.Y. Pub. Off. Law § 87(2).

To the extent Plaintiff's opposition adds any other allegations to his Amended Complaint or highlights any other allegations not explicitly discussed in the MTA's moving papers, Plaintiff has still failed to state a claim for the same reasons set forth in MTA's moving papers. Plaintiff does not dispute that he was not employed by MTA, and does not allege that MTA had control over the terms and conditions of his employment with Five Star. Plaintiff does not dispute that he never named the MTA as a respondent in a filing with the EEOC or NYSDHR. Plaintiff does not point to any allegations in his Amended Complaint that support discriminatory or retaliatory motivations for any adverse employment action undertaken by MTA. And Plaintiff has not alleged facts stating any other claim for relief, including, but not limited to, defamation.

4

**CONCLUSION**

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety as

against Defendant MTA.

Dated:  New York, New York
      November 7, 2018

Respectfully submitted,
Thomas J. Quigley
General Counsel
METROPOLITAN
TRANSPORTATION AUTHORITY
2 Broadway, 4th Floor
New York, New York 10004

By:_____
    Jason Douglas Barnes
    Assistant Associate Counsel
    jabarnes@mtahq.org
    212-878-7215
    212-878-7398 (fax)

*Attorneys for Defendant*