Pro Se Intake Unit
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Cazé D. Thomas
Write the full name of each plaintiff or petitioner.

Case No. 18 cv 03691

-against-

Five Star Electric Corp
MTA
EEOC
Write the full name of each defendant or respondent.

Letter re: Regarding NYSDHR Annullment

Dear Judge Nathans

I Cazé D. Thomas, present to you the Results of my previous actions. In the NY State Supreme Court Motion Appearence, The (Respondant) The New York Dept of Human Rights Stated many of their failures involving their investigation of my case, though I've taken their statements into Consideration they have not admitted that their failures were the production of an improper investigation during the New York States Supreme Court Review of the case which lasted almost 6 months. I've decided to annull my complaint via Executive Law 297(9).

12/10/18
Dated

Signature

Cazé D. Thomas
Name

Prison Identification # (if incarcerated)

c/o 68-45 Parsons Blvd #1M   Fresh Meadows   NY   Domestic Republic
Address                       City            State   Zip Code

(347) 262-3434
Telephone Number (if available)

Thomasinelectric@yahoo.com
E-mail Address (if available)

Email to NYSDHR

I Caze D. Thomas, would like to extend my appreciation to the General Counsel of the New York State Department of Human Rights for returning my phone call to address an an alarming misunderstanding. However, The New York State Department of Human Rights in their initial reasons for remanding my case, and their reasons not to remand the case, was capricious compared to the actual statements made in the motion proceedings during the appearance before the State Supreme Court. By accepting fraudulent documents in the conclusion to dismiss my complaint, and ignoring offenses that I reported to the agency on several occasions via telephone calls and in writing, including to log entries made by Mr. Purini which were just revealed to me and in my possession. I find that the New York State Department of Human Rights initial investigation was in excess of its authority, and an abuse of discretion. The State Supreme Court reviewed the appeal for almost 6 months, and I care not to continue being subjected to the New York State Department of Human Right's actions which contravened the law, nor should I be subjected to them by arbitrary means. The State Supreme Court has ordered that my complaint be remanded back to the New York State Department of Human Rights. However, after fair consideration, and before a hearing is assigned I choose to annull my complaint as permitted in Executive Law 297(9). In addition, as I have done with all documents I've submitted to The New York State Department of Human Rights, I am signing this. WITHOUT PREJUDICE I RESERVE MY RIGHTS AND WAIVER OF NONE UNDER THE PERFORMANCE OF A CONTRACT OR AGREEMENT. Respectfully.

(W/O PRED.U.C.C.1-308)

1

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY
PRESENT: HON. __JOAN A. MADDEN__        PART 11
               Justice

---

CAZE D. THOMAS

        Petitioner,     INDEX NO. 100141/18

- v -                                                MOTION SEQ. NO.:002

FIVE STAR ELECTRIC CO. and
NEW YORK DEPARTMENT
OF HUMAN RIGHTS

        Respondents.

---

In the proposed order to show cause, petitioner Caze D. Thomas (Thomas) seeks to vacate a "Notice of Discontinuance" which he improperly filed in this court and to remove this proceeding and transfer jurisdiction to federal court.

The relief sought in the order to show cause is without legal foundation. First, the notice of discontinuance need not be vacated as it is ineffective to discontinue this proceeding, and it appears that Thomas did not sign the Notice of Discontinuance, but rather that it was signed by an unknown entity or person which signature is crossed out. In addition, prior to the time that the order to show cause was presented to the court, this court issued a decision and order dated December 3, 2018, which resolved the petition.

Accordingly, this court declines to sign the order to show cause.

Dated: December 7, 2018

                                    HON. JOAN A. MADDEN
                          J.S.C.         J.S.C.

Check One:   [ x ] FINAL DISPOSITION   [ ] NON-FINAL DISPOSITION

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY
PRESENT HON. _____JOAN A. MADDEN_____    PART 11
                            Justice

---

CAZE D. THOMAS

                    Petitioner

                                      INDEX NO. 100141/18

        -v-
                                      MOTION SEQ NO. 001

FIVE STAR ELECTRIC CO. and
NEW YORK DEPARTMENT
OF HUMAN RIGHTS

                    Respondents
---

The following papers, numbered 1 to _____ were read on this Petition for Article 78 relief

                                                          PAPERS NUMBERED
Notice of Motion/ Order to Show Cause — Affidavits — Exhibits  ___
Answering Affidavits — Exhibits                                ___
Replying Affidavits                                            ___

Cross-Motion:    [ ] Yes    [x] No

In this Article 78 proceeding, the pro se petitioner Caze Thomas ("Petitioner") challenges the December 5, 2017 finding by respondent New York State Division of Human Rights s/h/a the New York Department of Human Rights ("the Division") of no probable cause with regard to petitioner's discrimination complaint against respondent Five Star Electric Co. ("Five Star"). Five Star opposes the petition, and the Division seeks to remand the matter to reopen its no probable cause determination.

Petitioner is a transgender heterosexual male. As a member of Local 3, petitioner was assigned on February 27, 2017 to work at Five Star, which is the largest union electrical contractor in the City of New York. Five Star assigned petitioner to the MTA Maintenance/2

Broadway Project ("the Project"), at the MTA's headquarters.

Petitioner was terminated by Five Star on April 13, 2017. Petitioner's termination slip listed the following reasons for petitioner's termination: disruptive on the job, lateness, absenteeism, leaves job early, and insubordination. Following his termination, petitioner filed a grievance with Local 3, and a hearing was held on April 17, 2017. By letter dated April 18, 2017, Local 3's grievance committee determined that the termination was justified. After petitioner appealed and a further hearing was held on May 9, 2017, at which no representative of Five Star was present, the decision was reversed by letter dated May 11, 2017, which stated that petitioner's termination was not justified. Five Star was subsequently advised by the Local 3 grievance committee that the decision was reversed because the April 13, 2017 termination slip issued to petitioner listed more issues than in April 3, 2017 warning slip. To rectify the discrepancy, Five Star reissued the termination slip to state that petitioner was terminated as he was "disruptive to job by harassing and threatening the well being of a fellow employee (apprentice) which is a violation of Five Star Company Policy." The Department of Labor Unemployment Insurance Division subsequently found that petitioner was entitled to unemployment benefits, finding that the apprentice's statement did not refute petitioner's denial that he threatened to harm him.

On June 1, 2017, petitioner filed an employment discrimination complaint with the Division against Five Star alleging that he was discriminated against on the basis of sex, sexual orientation, when rumors and lies were spread about him among his coworkers because of his transgender status and perceived sexual orientation. Petitioner further alleges that he was falsely accused of causing safety hazards, disturbances, and making violent threats, and that Five Star fired him in retaliation for petitioner going to the MTA Head Security Office to ask for a point of contact so that his shop steward could review surveillance that would prove petitioner did not threaten to physically harm the apprentice.

On December 5, 2017, the Division issued a no probable cause determination with regard to petitioner's employment discrimination complaint, finding that accepting all of petitioner's claims with regard to the rumors spread about him as true, "[it] does not rise to the requisite level to constitute a hostile work environment as it is not pervasive or severe enough." The Division

also found that it was undisputed that petitioner reported to work late, left work early, and was absent at various times during his six-week employment period. The Division further determined that petitioner was not fired in retaliation for engaging in protected conduct, finding that asking the MTA Head Security Office for a point of contact did not constitute protected conduct under New York State Human Rights Law.

In this proceeding, petitioner challenges the finding of no probable cause, and asserts that he was denied "proper due process."

In its answer, the Division seeks to reopen its no probable cause determination and requests that the court remand the case to the Division for further proceedings, in accordance with 9 NYCRR § 465.20(a)(2) of the Division's Rules of Practice, which provides:

> No case shall be reopened when an appeal has been taken to the court from an order dismissing a case for lack of probably cause or lack of jurisdiction. However, the division may request the court remand a cause for good cause.

The Division argues that there is good cause for remand as the record reveals that there are outstanding material issues of fact which include, but are not limited to, whether "petitioner was treated differently with respect to disciplinary action or subjected to a hostile work environment because of his sex and sexual orientation or terminated in retaliation for his complaint to [Five] Star's foreman about the hostile work environment he was experiencing." The Division also states that it "wishes to explore whether [p]etitioner was discriminated against because he is transgender [or] on the basis of gender dysphoria." While the Division does not state that it erred in its finding of no probable cause, it states that "the Division's Regional Director may have overlooked or may not have given full consideration to these issues."

Petitioner does not oppose the Division's request to remand the proceeding.[1]

Five Star opposes the petition and the Division's request for remand, arguing that the record, including the Division's final investigative report, shows that the Division thoroughly investigated petitioner's claims and provided a reasoned basis for its No Probable Cause

---

[1] After the matter was fully submitted, petitioner submitted two letters to the court, which apparently were not copied to the other parties, and have not been considered.

3

Determination. Five Star further asserts that there is no good cause for remand as the Division's investigative report sets forth the investigative steps taken regarding petitioner's assertions that he was discriminated against based on his transgender status, and addresses these assertions in concluding that there was no probable cause for finding discrimination. Five Star also argues that remand should not be allowed as the Division does not detail specific evidence that may have been overlooked.

At oral argument of the petition, the Division's counsel stated that remand is appropriate as its investigation "failed to really examine the termination," referring, *inter alia*, to Local 3's grievance committee's decision finding that petitioner's termination was justified and its subsequent reversal of that determination. He further stated that the investigation "did not look sufficiently into whether there was any disparate treatment with respect to [petitioner's] termination, [noting evidence] that [petitioner's] immediate supervisor... used disparaging terms towards him because of his gender identity." In addition, he noted that according to the Division's investigator's report, the petitioner's immediate supervisor "marched [petitioner] to the office of... the higher level supervisor where [petitioner] was terminated...[and that] if [petitioner's immediate supervisor] shows bias because of [petitioner's] gender identity, that could certainly be an issue of taint with respect to the charges brought against [petitioner]." The Division counsel further stated that "the Division is asking that this matter be sent back for further investigation...[w]e are not concluding at this point that we will find probable cause, even with a reopened investigation...but [the Division] felt that [its] investigation was incomplete, based upon what was already in the record, as well as [petitioner's] allegations..."

Here, the court finds that based on the Division's request there is "good cause" to remand this matter to the Division in accordance with 9 NYCRR. § 465.20. Specifically, the court finds that remand is proper to permit the Division to further develop the record as to the circumstances surrounding petitioner's termination, including whether petitioner was treated differently than other workers based on his gender identity. *See Presmar v. New York State Division of Human*

4

Rights, 51 AD3d 668 (2d Dept), lv denied 11 NY3d 703 (2008) (affirming trial court order remanding matter to New York State Division of Human Rights where validity of release at issue required further development of the record); compare, Ferguson v. New York State Division of Human Rights, 2012 WL 2931285 (Sup Ct Suffolk Co. 2012), aff'd 120 AD3d 497 (2014) (finding remittal was not warranted under the circumstances where the Division's determination was "clearly expounded in its final report" and the record was sufficient for the court to review).

Accordingly, it is

ORDERED that the petition is denied and this matter is remanded to the Division for further proceedings.

Dated: December __, 2018

_____
J.S.C.

Check One   [x] FINAL DISPOSITION   [ ] NON-FINAL DISPOSITION