# BOND SCHOENECK & KING

1010 Franklin Avenue, Suite 200 | Garden City, NY 11530 | bsk.com

JESSICA C. MOLLER, ESQ.
JMoller@bsk.com
P: 516.267.6332
F: 516.267.6301

December 10, 2018

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 12 2018

Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Cazé D. Thomas v. Five Star Electric, Dept of EEOC, Dept of Human Rights, and Metropolitan Transportation Authority*, 18-cv-3691 (AJN)(RWL)

Dear Judge Nathan:

We represent Defendant Five Star Electric ("Five Star") with regard to the above referenced matter.

As you know, on October 1, 2018 Five Star made a pre-answer motion to dismiss the Amended Complaint, wherein it asserted Plaintiff's Amended Complaint should be dismissed because of election of remedies and the *Younger* abstention doctrine, among other grounds. Thereafter, this Court granted Plaintiff an extension of time to file opposition to Five Star's motion (*see* ECF Document No. 34), and Plaintiff ultimately filed his opposition on November 27, 2018 with it being entered on the docket and served on Five Star on November 28, 2018 (*see* ECF Document No. 41). Per the Court's scheduling order, Five Star's reply in further support of that motion is currently due to be filed on December 12, 2018 (*see* ECF Document No. 34).

However, since filing his opposition to the pending motion to dismiss, Plaintiff has submitted numerous additional filings that appear to be in response to the arguments Five Star asserted in its motion to dismiss relating to Plaintiff's election of remedies and the *Younger* abstention doctrine. More specifically: (1) Plaintiff filed several letters to Your Honor regarding the Court's jurisdiction and his attempt to withdraw his state court action relating to the same alleged discrimination at issue in this case in order to give this Court full jurisdiction over his claims (ECF Document Nos. 44, 45 and 48); (2) a motion requesting that this Court "recognize that [it] has jurisdiction over this case" (ECF Document No. 49); (3) Plaintiff filed a motion for leave to file a Second Amended Complaint because he allegedly has "just learned" what it means to state a claim "on its face" and in order for him to "remove a lot of unnecessary incorrect information" from the Amended Complaint (*see* Document No. 46); and (4) yesterday, Plaintiff submitted a

177378.1 12/10/2018

Hon. Alison J. Nathan
December 10, 2018
Page 2

request to the New York State Division of Human Rights ("Division") to withdraw his complaint to that agency for administrative convenience pursuant to N.Y.S. Executive Law §297(9) (copy enclosed), which has not yet been ruled on by the Division.

In light of Plaintiff's numerous additional filings with this Court, and his request to the Division the outcome of which could have a direct impact on the arguments asserted by Five Star in its motion to dismiss, Five Star respectfully requests an extension of time to submit its reply in further support of its pending motion to dismiss. We respectfully request that the date for Five Star's reply be extended 30 days (*i.e.*, to January 11, 2019), in order to allow sufficient time for the Division to resolve Plaintiff's request to withdraw for administrative convenience. This is the first such request that has been made by Five Star.

Thank you for your consideration of this request.

Respectfully submitted

BOND, SCHOENECK & KING, PLLC

*J. Moller*

Jessica C. Moller

cc: Cazé D. Thomas, Pro Se Plaintiff (via first class mail and email)
    Defense counsel of record (via ECF)

> Defendant Five Star Electric's request for a 30-day extension to file a reply in further support of its motion to dismiss is hereby granted. To the extent that they respond to arguments in Five Star Electric's motion to dismiss, the Court will construe Plaintiff's recent filings concerning jurisdiction as arguments in opposition. Plaintiff is advised that no further opposition will be accepted, as the deadline to oppose the motion to dismiss has elapsed. Chambers will mail a copy of this Order to the pro se Plaintiff and that mailing will be noted on the public docket. SO ORDERED.

SO ORDERED: 12/12/18

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

177378.1 12/10/2018