

1010 Franklin Avenue, Suite 200 | Garden City, NY 11530 | bsk.com

JESSICA C. MOLLER, ESQ.
JMoller@bsk.com
P: 516.267.6332
F: 516.267.6301

January 3, 2019

**VIA ECF**

Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cazé D. Thomas v. Five Star Electric, Dept of EEOC, Dept of Human Rights, and Metropolitan Transportation Authority*, 18-cv-3691 (AJN)(RWL)

Dear Judge Nathan:

We represent Defendant Five Star Electric ("Five Star") with regard to the above referenced matter.

As you know, on December 27, 2018, Chief Judge Colleen McMahon issued Standing Order M10-468, which among other things, stayed all civil cases in which the United States Attorney's Office for the Southern District of New York has appeared as counsel of record for the United States' agencies until funding is restored to the Department of Justice. That Standing Order was entered on the ECF docket for the above referenced matter on January 2, 2019 (*see* Document No. 57).

As you also know, the United States Equal Employment Opportunity Commission ("EEOC") has been named as a defendant in this case, and by letter dated November 20, 2018 the United States Attorney's Office for the Southern District of New York informed Your Honor as follows: "This office represents [the] United States Equal Employment Opportunity Commission (the 'EEOC') in the above-referenced employment discrimination action, brought by *pro se* plaintiff Cazé Thomas ('Plaintiff')." (ECF Document No. 38, copy enclosed for convenience). Nonetheless, the ECF docket does not explicitly identify any counsel of record for the EEOC. We therefore respectfully request clarification as to whether this matter is stayed under Standing Order M10-468 in light of the representation made by the United States Attorney's Office for the Southern District of New York in its November 20, 2018 letter.

178203.1 1/3/2019

Hon. Alison J. Nathan
January 3, 2019
Page 2


Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Jessica C. Moller

Encl.

cc:   Cazé D. Thomas, Pro Se Plaintiff (via ECF and first class mail)
      Alissa Wright (via ECF)
      Jason Barnes (via ECF)
      Danielle J. Levine, Assistant United States Attorney S.D.N.Y. (via email)

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street, 3rd Floor
New York, New York 10007

November 20, 2018

BY ECF
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Thomas v. Five Star Electric, et al.*
              No. 18 Civ. 3691 (AJN) (RWL)

Dear Judge Nathan:

      This Office represents United States Equal Employment Opportunity Commission (the "EEOC") in the above-referenced employment discrimination action, brought by *pro se* plaintiff Cazé Thomas ("Plaintiff"). I write to alert the Court to deficiencies in Plaintiff's service of the summons and complaint upon the EEOC, and respectfully submit that the EEOC's time to respond to the complaint has not yet begun to run.

      After learning of this matter, this Office sent Plaintiff a letter alerting him to the deficiencies in the service of the summons and complaint upon the EEOC. *See* Ex. A. As of the date of this letter, the EEOC has not been served in the manner required by Federal Rules of Civil Procedure 4(i)(1) and 4(i)(2), which govern service upon the United States and its agencies, because Plaintiff served only a copy of the summons (without the complaint) on the EEOC. *See* Dkt. No. 7. To serve a federal agency, Plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). Service on the United States requires Plaintiff to "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). In addition, Plaintiff must send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B).

      Because service has not been effected in the manner required under Rule 4(i)(1) and 4(i)(2), the 60-day time limit to respond to the complaint has not yet begun to run for defendant EEOC. *See* Fed. R. Civ. P. 12(a)(2) ("The United States [or] a United States agency . . . must serve an answer to a complaint . . . within 60 days after service on the United States Attorney."). Once service has been properly effected, the time for the EEOC to respond to the complaint will

Case 1:18-cv-03691-AJN-RWL   Document 58   Filed 01/03/19   Page 4 of 7
Case 1:18-cv-03691-AJN-RWL   Document 38   Filed 11/20/18   Page 2 of 5

Page 2 of 2

begin to run. Accordingly, I request that docket entry no. 7 be corrected and that the EEOC's time to answer, move or otherwise respond to the complaint be stayed pending proper and effective service.

      We thank the Court for its attention to this matter.

                                          Sincerely,

                                          GEOFFREY S. BERMAN
                                          United States Attorney for the
                                          Southern District of New York

                          By:   */s/ Danielle J. Levine*
                                Danielle J. Levine
                                Assistant United States Attorney
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Tel.: (212) 637-2689
                                Facsimile: (212) 637-2717
                                E-mail: danielle.levine@usdoj.gov

Attachment

cc:  Cazé Thomas (via U.S. Mail)
     Counsel of Record (via ECF and U.S. Mail)

Case 1:18-cv-03691-AJN-RWL   Document 58   Filed 11/20/18   Page 3 of 5

# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 3rd Floor
New York, New York 10007

October 26, 2018

BY FIRST CLASS MAIL

Cazé D. Thomas
6545 Parsons Boulevard
#1M
Fresh Meadows, NY  11365

     Re:   *Thomas v. Five Star Electric, et al.*
            No. 18 Civ. 3691 (AJN) (RWL)

Dear Mr. Thomas:

     I am an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York. This Office represents the United States Equal Employment Opportunity Commission (the "EEOC").

     I write to alert you to deficiencies in Plaintiff's service of the summons and complaint upon the EEOC. As of the date of this letter, the EEOC has not been served in the manner required by Federal Rule of Civil Procedure 4(i)(1) and 4(i)(2), which govern service upon the United States and its agencies, because Plaintiff has only served a copy of the summons on the EEOC. To serve a federal agency, Plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). Service on the United States requires Plaintiff to "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). In addition, Plaintiff must send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B).

     Because service has not been effected in the manner required under Rule 4(i)(1) and 4(i)(2), the 60-day time limit to respond to the complaint has not yet begun to run for defendant EEOC. *See* Fed. R. Civ. P. 12(a)(2) ("The United States [or] a United States agency . . . must serve an answer to a complaint . . . within 60 days after service on the United States Attorney.") Once service has been properly effected, the time for EEOC will begin to run.

     Please contact me if you would like to discuss this issue further.

Case 1:18-cv-03691-AJN-RWL Document 58 Filed 01/03/19 Page 7 of 7
Case 1:18-cv-03691-AJN-RWL Document 58 Filed 11/20/18 Page 5 of 5

Page 2 of 2

          Sincerely,

          GEOFFREY S. BERMAN
          United States Attorney for the
          Southern District of New York

By: _____
          Danielle J. Levine
          Assistant United States Attorney
          86 Chambers Street, Third Floor
          New York, New York 10007
          Tel.: (212) 637-2689
          Facsimile: (212) 637-2717
          E-mail: danielle.levine@usdoj.gov

*cc: (by first class mail)*

Ernest R. Stolzer
*Counsel for Defendant Five Star Electric*
Bond, Schoeneck & King, PPLC
600 Third Avenue, 22nd Floor
New York, NY 10016

Alissa Schecter Wright
*Counsel for New York State Division of Human Rights*
New York State Office of the Attorney General
28 Liberty Street, 15th Floor
New York, NY 10005

Jason Douglas Barnes
*Counsel for Metropolitan Transportation Authority*
Metropolitan Transportation Authority
2 Broadway
New York, NY 10004