UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x          **No. 18-CV-3691**
CAZÉ D. THOMAS,

               Plaintiff,

     -against-

FIVE STAR ELECTRIC, DEPT OF EEOC, DEPT
OF HUMAN RIGHTS, METROPOLITAN
TRANSPORTATION AUTHORITY,

               Defendants.
-------------------------------------------------------------- x

**SECOND REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
AMENDED MOTION TO DISMISS AS AGAINST MTA**


METROPOLITAN TRANSPORTATION AUTHORITY
Office of the General Counsel
Jason Douglas Barnes
2 Broadway, 4th Floor
New York, NY 10004
(212) 878-7215
jabarnes@mtahq.org
Attorneys for Defendant MTA

# TABLE OF AUTHORITIES

**Cases**

*Burns v. City of Utica*, 590 F. App'x 44 (2d Cir. 2014) ............................................. 4, 5

*Canete v. Metro. Transp. Auth.*, No. 17-CV-3961, 2018 U.S. Dist. LEXIS 161127 (S.D.N.Y. Sept. 20, 2018) ...................................................................................................... 3

*Carter v. Verizon*, No. 13-CV-7579, 2015 U.S. Dist. LEXIS 6370 (S.D.N.Y. Jan. 20, 2015) ...... 2

*Gonzalez v. Kahan*, No. 88-CV-922, 1996 U.S. Dist. LEXIS 22715 (E.D.N.Y. Nov. 27, 1996) .. 4

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015)..................................... 3, 4

*Patterson v. County of Oneida*, 375 F.3d 206 (2d Cir. 2004)...................................... 4

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015)......................... 2

**Statutes**

N.Y. Pub. Auth. Law § 1263 ........................................................................... 3

## ARGUMENT

## PLAINTIFF'S ARGUMENTS DO NOT DISPUTE ANY OF THE GROUNDS FOR DISMISSAL PRESENTED IN MTA'S MOTION PAPERS

Pursuant to the Court's January 30, 2019 Order (Docket # 64), Defendant MTA files this Second Reply Memorandum of Law in further support of its Amended Motion to Dismiss (Docket # 20), and renews that motion against the Second Amended Complaint filed on January 29, 2019 (Docket # 63). The Court's January 9, 2019 Order (Docket # 61) granted leave to Plaintiff to amend solely for the purpose of omitting Defendants EEOC and NYSDHR and expressly invoking the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution in his Complaint Form. Instead of doing this, Plaintiff only removed the EEOC, and, in addition to invoking the Fourteenth Amendment, he filed several completely new and different pages bearing new and different contents from those of his First Amended Complaint.[1] Among the new pages is an email apparently from a Securitas, Inc. employee, Rick Quiles,[2] to a Five Star employee, Jeffrey Thurston, mentioning that Plaintiff "stop[ped] by the Security Office and asked if the cameras have audio capabilities and turnstile access records," in response to which Quiles states that he asked if Plaintiff had asked his boss at Five Star about that and

---

[1] Specifically, Pages 2-3 and 11-14 of the Second Amended Complaint are new, and Pages 7-8 (originally 5-6) bear new markings; Pages 13-33 of the Attachment to the Second Amended Complaint are also new, but include some repeated materials from earlier in the Complaint. The last eleven pages of the First Amended Complaint are now Pages 1-11 of the Attachment to the Second Amended Complaint. The remainder of the First Amended Complaint has been carried over to the Second Amended Complaint intact, but Pages 4-10 of the Second Amended Complaint have shifted from their original locations by 2 pages, and Pages 15-165 of the Second Amended Complaint have shifted from their original locations by 6 pages, due to Plaintiff's additions.

[2] It bears noting that, although Quiles' has an "@mtahq.org" email address in the printout Plaintiff attached, as was specified in Defendant MTA's prior filings, this person was not an MTA employee. Employees of certain contractor companies, such as Securitas, Inc., are given MTA email addresses for use in their work for MTA. In any case, the degree of MTA involvement in Plaintiff's allegations has not changed in the Second Amended Complaint. Plaintiff alleges that he spoke with "MTA Security Staff" and was referred to Michael Brady, the "2 Broadway Building Manager," who denied Plaintiff access to security records and told his employer Plaintiff had asked, based on which his employer independently took action against him. This is not actionable for the reasons discussed in Defendant MTA's moving papers.

Nonetheless, the essence of Plaintiff's allegations remains the same and Defendant MTA's

motion should still be granted dismissing the Second Amended Complaint for the same reasons

discussed in its moving papers and reply respecting the First Amended Complaint (Docket ## 21,

36). For this reason, Defendant MTA will address only Plaintiff's new equal protection claim in

this Second Reply.

As was stated in MTA's moving papers and original reply, "[t]o survive a 12(b)(6)

motion to dismiss [], a pro se plaintiff's factual allegations must be at least 'enough to raise a

right to relief above the speculative level.'" *Carter v. Verizon*, No. 13-CV-7579, 2015 U.S. Dist.

LEXIS 6370, at *11 (S.D.N.Y. Jan. 20, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). In the employment context, the Second Circuit has provided that:

> [t]he Fourteenth Amendment provides public employees with the righ to be "free from
> discrimination." Consequently, public employees aggreieved by discrimination in the
> terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible
> persons acting under color of state law. To state a claim under § 1983, a plaintiff must
> allege two elements: (1) "the violation of a right secured by the Constitution and laws of
> the United States," and (2) "the alleged deprivation was committed by a person acting
> under color of state law." A state employee acting in his official capacity is acting under
> color of state law." Once the color of law requirement is met, a plaintiff's "equal
> protection claim parallels his Title VII claim," except that a § 1983 claim, unlike a Title
> VII claim, can be brought against an individual. Thus, for a § 1983 motion to dismiss, a
> plaintiff must plausibly allege a claim under the same standards applicable to a Title VII
> claim" and that the adverse action was taken by someone acting "under color of state
> law."

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (internal citations

omitted) (affirming dismissal of some of the plaintiff's equal protection claims). Here, as was

discussed in Defendant MTA's moving papers, Plaintiff has not alleged facts sufficient to raise a

right to relief under Title VII as against the MTA above the speculative level and therefore his

equal protection claim must fail for the same reasons. Plaintiff has not alleged that the MTA was

ever his employer or that it was in a joint employer relationship, nor has he alleged any adverse

action taken by the MTA or any of its employees, nor has he alleged any basis for attributing discriminatory intent to the MTA or any of its employees.

However, Plaintiff's equal protection claim must also fail for additional reasons. Plaintiff has failed to allege any facts that would support that an action was taken by someone acting under color of state law, or that the MTA as a corporate entity should be responsible for the acts of any of its officers.

## A. Plaintiff Did Not Support *Monell* Causation by the MTA

When a defendant sued for discrimination under Section 1983 is a government corporation or municipality, "the plaintiff is required to show that the challenged acts were performed pursuant to a [] policy or custom [of that entity]. The plaintiff 'need not identify an express rule or regulation,' but can show that 'a discriminatory practice of [government] officials was so persistent or widespread as to constitute a custom or usage with the force of law, or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (internal citations omitted) (regarding motion to dismiss). Here, the MTA is a state public benefit corporation, to which that rule would apply. N.Y. Pub. Auth. Law § 1263; *see Canete v. Metro. Transp. Auth.*, No. 17-CV-3961(PAE), 2018 U.S. Dist. LEXIS 161127, at *15-18 (S.D.N.Y. Sept. 20, 2018) (dismissing *Monell* claims against MTA). But Plaintiff does not allege a persistent or widespread policy or custom with the force of law, and his claim is at bottom premised on a theory of *respondeat superior* for the actions of low level officials (whoever those might actually be in this case, as most of his allegations regard independent contractors rather than actual MTA officials). His equal protection claim must be dismissed for this reason, on top of the fact that Plaintiff has not alleged any MTA wrongdoing in the first

place. *E.g. Littlejohn*, 795 F.3d at 315 (affirming dismissal *pro se* equal protection claim as against municipality); *cf. Burns v. City of Utica*, 590 F. App'x 44, 50 (2d Cir. 2014) (affirming dismissal of Section 1983 claim against city because "[the plaintiff] has not sufficiently alleged that the investigation into her [] claim was flawed, and, therefore, cannot plausibly suggest that a governmental custom, policy, or usage on the part of the [city] injured her").

## B. Plaintiff Did Not Allege Action under Color of State Law

Furthermore, Plaintiff did not allege that any MTA employee took any action against him under color of state law, and with respect to some of his allegations, it is impossible to infer such a fact from the facts alleged. "A person acts under color of state law when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gonzalez v. Kahan*, No. 88-CV-922, 1996 U.S. Dist. LEXIS 22715, at *5 (E.D.N.Y. Nov. 27, 1996). "[M]ere employment by the state does not mean that the employee's every act can properly be characterized as state action." *Patterson v. County of Oneida*, 375 F.3d 206, 230 (2d Cir. 2004) (citation omitted). Insofar as Plaintiff alleges that he was that some unknown MTA employee followed him into the bathroom, this act cannot be said to have been undertaken under color of state law. Even taking this vague allegation as true, it does not specify when this act occurred, provide a description of whte person who followed him, or explain why he believes it was done at Five Star's request, and as such it does not plausibly support that the act was taken under "pretense of law" or invoking the "real or apparent power" of the person's role as an MTA employee. Rather, it simply says someone followed him into the bathroom, which if it is not a security officer or a janitor, can hardly allow a plausible inference that that act involved the persons's power as an MTA employee. *Cf. Burns v. City of Utica*, 590 F. App'x 44, 50 (2d Cir. 2014) (affirming dismissal of Section 1983 claim on motion to dismiss

4

where complaint alleged that plaintiff was sexually assaulted by another firefighter because 'Knapp's alleged sexual assault of Burns, if proven, was palpably a personal pursuit entirely unrelated to his duties as a firefighter').

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety as against Defendant MTA.

Dated:  New York, New York
        January 12, 2019

Respectfully submitted,
Thomas J. Quigley
General Counsel
METROPOLITAN
TRANSPORTATION AUTHORITY
2 Broadway, 4th Floor
New York, New York 10004

By: _____

Jason Douglas Barnes
Assistant Associate Counsel
jabarnes@mtahq.org
212-878-7215
212-878-7398 (fax)

*Attorneys for Defendant MTA*