BOND SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016 | **bsk.com**

**JESSICA C. MOLLER, ESQ.**
JMoller@bsk.com
P: 646.253.2335

December 4, 2019

**VIA ECF**

Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Cazé D. Thomas v. Five Star Electric, Dept of EEOC, Dept of Human Rights, and Metropolitan Transportation Authority, 18-cv-3691 (AJN)(RWL)*

Dear Judge Nathan:

We represent Defendant Five Star Electric ("Five Star") with regard to the above referenced matter.

As you know, on August 23, 2019, Magistrate Lehrburger issued a Report and Recommendation to Your Honor wherein he recommended granting the motions to dismiss that were previously filed by Five Star and co-Defendant MTA. (ECF Doc. No. 74). Pursuant to 28 U.S.C. §§ 636(b)(1) and Rules 72, 6(a) and (d) of the Federal Rules of Civil Procedure, the parties had fourteen (14) days (*i.e.*, until September 6, 2019) to file written objections, if any, to the Report and Recommendation. After an extension of time and a temporary stay, Plaintiff's time for filing written objections to the Report and Recommendation was extended to November 22, 2019. (ECF Doc. Nos. 76-82), and on that date Plaintiff filed a document titled "Notice of Motion Opposition to R&R & Response."[1] (ECF Doc. 83). Although labeled as a notice of motion, Five Star construes Plaintiff's filing as his objections to Magistrate Lehrburger's Report and Recommendation. Five Star now submits this correspondence in response to Plaintiff's objections.

---

[1] Plaintiff did not serve Five Star with the document that he filed with the Court. Five Star did not receive Plaintiff's filing until it was entered onto the ECF docket on November 26, 2019. In addition, although the first page of Plaintiff's submission states that a memorandum of law was provided in support of his motion in addition to Plaintiff's own declaration (*see* ECF Doc. No. 83 at p. 1), Five Star has not been served with any memorandum of law and no memorandum of law has been entered on the ECF docket.

Hon. Alison J. Nathan
December 4, 2019
Page 2

## Five Star's Response to Plaintiff's Objections

Five Star recognizes that this Court's review is *de novo* (Fed. R. Civ. Pro. 72(b)(3)), however, the Report and Recommendation here is thorough, well-reasoned and supported by the applicable law. Magistrate Lehrburger's Report and Recommendation recommending that the Second Amended Complaint be dismissed against Five Star with prejudice should be affirmed and adopted in its entirety by this Court.

The reasons as to why Five Star asserts the Second Amended Complaint should be dismissed are set forth in detail in Five Star's opening Memorandum of Law, Reply Memorandum of Law and supporting affidavits that were previously submitted to this Court in support of its motion (*see* ECF Doc. Nos. 25-28, 67-68), namely: (1) Plaintiff's claims under the NYSHRL and NYCHRL are barred by the election of remedies doctrine; (2) Plaintiff's claim for alleged violation of the Fourteenth Amendment is barred because such claims can only be asserted against "state actors" and Five Star is a private entity; and (3) to the extent the Second Amended Complaint can be read as attempting to assert any other claims against Five Star, it fails to set forth facts to render such claims plausible as required. In order not to restate that which is set forth in detail in Five Star's previously filed motion documents, we respectfully refer this Court to those documents and now incorporate the arguments previously made by reference here in response to Plaintiff's objections to the Report and Recommendation.

Despite Plaintiff's lengthy 29 page submission objecting to the Report and Recommendation (ECF Doc. No. 83), there is nothing in Plaintiff's objections that calls into question any of Magistrate Lehrburger's findings or recommendations. In fact, the majority of Plaintiff's submission—*i.e.*, Pages 9-29—are near identical copies of documents that were attached to Plaintiff's pleadings[2] (*compare* ECF Doc. No. 83 at p. 9-29 *with* ECF Doc. No. 63 at p. 70-90[3]) and do not address any of the arguments that Five Star had made in its motion to dismiss or any of Magistrate Lehrburger's findings or recommendations as to that motion. As to the remainder of Plaintiff's submission—*i.e.*, Pages 1-8—Plaintiff fails to demonstrate how any of the allegations in the Second Amended Complaint state a plausible claim against Five Star, and, as found by Magistrate Lehrburger, they do not.

---

[2] The type-written text is exactly the same, however the handwritten notations that were included in the copies attached to the Second Amended Complaint are omitted from the documents that Plaintiff's now submits to the Court.

[3] The page numbers cited are to the page numbers within the ECF header at the top of the Second Amended Complaint, not the page numbers at the bottom of the various documents attached to the Second Amended Complaint.

191559.1 12/4/2019

Hon. Alison J. Nathan
December 4, 2019
Page 3

Moreover, in purported support of his objections, at Pages 3 and 6 of his submission Plaintiff oddly refers to "pending subpoenas" that he appears to believe will "provide the court with further plausible evidence" of his claims. However, Plaintiff's subpoena references appear to relate to two docket entries on November 22, 2019 regarding subpoenas issued to co-Defendant MTA and non-party Con Edison,[4] which were entered three months after the Report and Recommendation was issued, are outside the motion record that was before Magistrate Lehrburger, have nothing to do with the allegations contained within the Second Amended Complaint, and have no bearing on either Five Star's motion to dismiss or the Report and Recommendation that recommended granting that motion.

For all of the reasons previously set forth by Five Star, and for all of the reasons recommended by Magistrate Lehrburger, we submit that Five Star's motion to dismiss should be granted and Plaintiff's claims against Five Star be dismissed with prejudice. Accordingly, Five Star respectfully requests that Magistrate Lehrburger's Report and Recommendation, which recommended that the Second Amended Complaint be dismissed against Five Star with prejudice, be affirmed and adopted in its entirety.

Thank you for your consideration.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Jessica C. Moller

cc:    Cazé D. Thomas, Pro Se Plaintiff (via ECF and first class mail)
       All Counsel of Record (via ECF)

---

[4] The docket shows the following text entries on November 22, 2019, but does not provide copies of the subpoenas to which the docket refers: (1) "SUBPOENA ISSUED for MTA. Document filed by Case D. Thomas. (aea) (Entered: 11/22/2019)"; and (2) "SUBPOENA ISSUED for Con Edison. Document filed by Caze D. Thomas. (aea) (Entered: 11/22/2019)." To date, Plaintiff has not provided Five Star with notice of these subpoenas, even though Rule 45(a)(4) of the Federal Rules of Civil Procedure requires Plaintiff to provide notice to Five Star before the subpoenas were served on the parties to whom they are directed. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, *1-2 (S.D.N.Y. 2016).