2 Broadway
New York, NY 10004
212 878-7000 Tel

# Metropolitan Transportation Authority
State of New York

April 9, 2021

*Via ECF*
Hon. Alison Nathan
U.S. District Judge
U.S. District Court, Southern District of New York
40 Foley Square, Courtroom 705
New York, NY 10007

Re:   *Thomas v. Five Star Electric, et al.*, **18-CV-3691 (AJN) (RWL)** (*pro se*)
       *MTA Response to Plaintiff's Motion for Writ of Prohibition*

Dear Judge Nathan:

I represent Defendant Metropolitan Transportation Authority ("MTA") in the above-referenced action and write to respond to Plaintiff's April 6, 2021 filing entitled "Notice of Motion to Petition the Court to Grant a Writ of Prohibition." *See* Dkt. No. 86.[1]

The MTA objects to Plaintiff's motion seeking a "writ of prohibition" regarding the New York State Division of Human Rights ("NYSDHR") insofar as it would delay or otherwise interfere with the Court's endorsement of the Report and Recommendation recommending dismissal of this case in its entirety, which has been pending since August 23, 2019. *See* Dkt. No. 74. Consideration of this motion is inappropriate, given that the entire action may be dismissed.

The Court also lacks jurisdiction to entertain a motion directed at the NYSDHR. The NYSDHR previously objected to the Court's jurisdiction over it due to lack of proper service, which the Court acknowledged, and it is still not apparent from the Docket that the NYSDHR was ever properly served with any summons and complaint in this action. *See* Dkt. Nos. 30, 35.[2]

Finally, it is improper for the Court to intervene in an ongoing state administrative proceeding in this way, and Plaintiff has articulated no reason that the Court should make an exception to that general rule. New York Civil Practice Law and Rules ("C.P.L.R.") Article 78 codifies the common law writ of prohibition along with other extraordinary writs applicable to New York state government entities. C.P.L.R. 7801, 7803. C.P.L.R. Article 78 provides an exclusive remedy and procedure by which to challenge state administrative decisionmaking on the basis of those extraordinary writs—by means of a state court special proceeding—and courts in this

---

[1] The MTA endorses the explanation of the circumstances stated by Defendant Five Star Electric in its April 8, 2021 letter, *see* Dkt. No. 87, about which MTA has no direct knowledge. The MTA is not a party to the state proceedings referenced by Plaintiff and Five Star.

[2] The Court also previously specifically ordered Plaintiff to *omit* the NYSDHR from his Second Amended Complaint, *see* Dkt. No. 61.

*The agencies of the MTA*

MTA New York City Transit     MTA Metro-North Railroad     MTA Construction & Development
MTA Long Island Rail Road     MTA Bridges and Tunnels      MTA Bus Company

jurisdiction have consistently declined to exercise supplemental jurisdiction over Article 78 claims for that reason. C.P.L.R. 7804 ("A proceeding under [Article 78] shall be brought in the *supreme court* in the county specified…") (emphasis added); *see, e.g., De Jesus v. City of New York*, 2012 U.S. Dist. LEXIS 23090, at *12-13 (S.D.N.Y. Feb. 21, 2012) (aggregating cases and discussing uniqueness of exceptions to the rule). Absent some federal grounds for challenging the administrative decision, which Plaintiff does not invoke, this Court should not exercise supplemental jurisdiction over this claim. And Plaintiff also already had the opportunity to raise the issue of prohibition in an Article 78 proceeding he *actually litigated against the NYSDHR*. Plaintiff has been expressing his desire to 'annul' the NYSDHR complaint with this Court since at least late 2018, *see* Dkt. No. 52, during which year he had an Article 78 proceeding against the NYSDHR pending in state court, in which he presumably could have raised the issue of prohibition by seeking to amend his petition to include it. *See Thomas v. Five Star Electric Co. & NYSDHR*, No. 100141/2018 (N.Y. Sup. Ct. N.Y. Cnty.) (not electronically filed) (final decisiion issued December 3, 2018). Moreover, insofar as Plaintiff's motion does theoretically implicate some federal right, *Younger* abstention doctrine "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings" and this rule "applies with equal force to state administrative proceedings." *Construction Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Plaintiff's motion should be denied and the Report and Recommendation should be endorsed.

Respectfully,

Jason Douglas Barnes
Assistant Associate Counsel
jabarnes@mtahq.org
212-878-7215 (p) • 212-878-7398 (f)