

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CAZÉ D. THOMAS,                       :    18-cv-3691 (AT) (RWL)
                                      :
                        Plaintiff,    :    REPORT AND RECOMMENDATION
                                      :     TO THE HON. ANALISA TORRES:
         - against -                  :    MOTION FOR WRIT OF PROHIBITION
                                      :
FIVE STAR ELECTRIC, DEPARTMENT OF     :
EEOC, DEPARTMENT OF HUMAN RIGHTS,     :
and METROPOLITAN TRANSPORTATION       :
AUTHORITY,                            :
                                      :
                                      :
                        Defendants.   :
------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

For the reasons that follow, I recommend that the Court deny Plaintiff's motion for a writ of prohibition to restrain the New York State Division of Human Rights ("DHR") from allegedly violating Plaintiff's right to annul the complaint he filed with DHR before he filed the instant court action and which remains pending with DHR.

**Relevant Background**

On April 26, 2018, Plaintiff Cazé D. Thomas ("Thomas"), proceeding *pro se*, filed this action againstDefendants Metropolitan Transportation Authority ("MTA") and Five Star Electric Corp. ("Five Star"), alleging, *inter alia*, violations of the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law, 42 U.S.C. § 2000e- 2 *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment.

Both Defendants moved to dismiss the Complaint pursuant to Federal Rule Of Civil Procedure 12(b)(6), and Five Star additionally moved for dismissal pursuant to Federal Rule Of Civil Procedure 12(b)(1).  On August 23, 2019, this Court issued a Report and Recommendation ("R&R") recommending that the action be dismissed with prejudice for

1

multiple reasons, including failure to state a claim, failure to exhaust administrative remedies (as to MTA), and election of remedies (as to Five Star). (*See* Dkt. 74.) The R&R remains pending.

Before commencing the present action, Thomas filed a grievance with his union. The union found against Thomas, upholding his termination and finding that he had harassed and threatened another employee.[1] On June 1, 2017, Thomas filed a complaint with DHR alleging Five Star had engaged in unlawful employment discriminatory practices based on sex and sexual orientation in violation the NYSHRL. DHR found no probable cause to believe Five Star had engaged in an unlawful discriminatory practice under NYSHRL and dismissed the complaint. On January 25, 2018, the Equal Employment Opportunity Commission adopted the findings of the DHR.

On or about January 31, 2018, Thomas appealed the DHR's dismissal by commencing an Article 78 special proceeding in New York Supreme Court. After commencement of the Article 78 proceeding, however, DHR requested that the state court remand the matter back to DHR for further investigation. The court granted that request and, on December 3, 2018, remanded the matter back to DHR where it currently remains for further proceedings.

Thomas subsequently filed a request to withdraw his administrative complaint and thereby terminate, or annul, the DHR proceedings. On March 1, 2021, DHR issued a written decision determining that Thomas's request could not be granted for procedural reasons and that the matter would proceed to a public hearing. With its decision, DHR

---

[1] Facts concerning Thomas's administrative proceedings are set forth in the Second Amended Complaint (Dkt. 63) and the Affidavits of Ernest R. Stolzer In Support Of Five Star's Motion To Dismiss dated October 1, 2018 (Dkt. 27) and February 12, 2019 (Dkt. 68). Additional information has been provided by Five Star in its letter of April 8, 2021 (Dkt. 87). Thomas did not file any response disputing that information.

provided the parties with an information page explaining that if Thomas wanted to dismiss the DHR proceeding in favor of an alternative forum, he needs to file an application with the Chief Administrative Law Judge. (Dkt. 87 at ECF pp.4-5.) DHR enclosed an application form for that purpose. (Dkt. 87 at ECF p. 6.) To Five Star's knowledge, Thomas has not submitted any such application or otherwise followed the process prescribed by DHR. (Dkt. 87 at ECF p. 2.)

On April 6, 2021, Thomas filed in the instant action a one-page document styled as a Notice Of Motion to petition the Court to grant a writ of prohibition restraining DHR from "violating the Plaintiff's rights to annull (sic.) his complaint." (Dkt. 86.) Thomas did not provide any argument or supporting facts. Five Star and MTA submitted letters in response, respectively, on April 8 and 9, 2021. On December 10, 2021, the case was reassigned from Judge Alison Nathan to Judge Analisa Torres. Judge Torres referred the motion for a writ of prohibition to me on December 16, 2021.

## Discussion

A writ of prohibition "is available as a 'means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, … but only in "exceptional cases." *Pierno v. Fidelity Brokerage Services, LLC*, No. 20-CV-3711, 2021 WL 5986763, at *3 (Dec. 16, 2021) (quoting *Ex parte Republic Of Peru*, 318 U.S. 578, 583, 585, 63 S. Ct. 793, 796, 798 (1943)); *see also Town Of Huntington v. New York State Division Of Human Rights*, 82 N.Y.2d 783, 786, 604 N.Y.S.2d 541, 542-43 (N.Y. 1993) ("The extraordinary writ of prohibition is available to address whether a body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (internal quotation marks omitted)). The Second Circuit has described a writ of prohibition as an "extraordinary" remedy that "should be exercised only when the right asserted is clear and unequivocal." *Abrams v.*

*McGohey*, 260 F.2d 892, 894 (2d Cir. 1958).

Quite simply, this is not an exceptional case, nor one where the right asserted by Thomas – to have DHR annul his complaint so that he can undo his election of remedies – is clear and unequivocal.  To the contrary, there is no evidence before the Court suggesting that DHR may not maintain jurisdiction over the proceeding commenced by Thomas.  *See Town Of Huntington*, 82 N.Y.2d at 786, 604 N.Y.S.2d at 543 ("it is unquestioned that here the [DHR] maintains jurisdiction to investigate and pass upon claims of discrimination").  Moreover, Thomas had (and presumably continues to have) the means to request withdrawal of his DHR complaint if he so chooses.  DHR denied Thomas's request to withdraw his complaint due to procedural errors but provided him with both instructions and an application form so that he may proceed properly.  Having failed to avail himself of the procedures provided by DHR to withdraw his complaint, there is no basis, let alone an exceptional or extraordinary one, to grant a writ of prohibition.

Moreover, New York State provides an exclusive procedural mechanism for parties to seek the relief that Thomas seeks.  Specifically, Article 78 of the New York Civil Practice Law and Rules codifies and supplants the common law writ of prohibition with respect to entities such as DHR.  N.Y. C.P.L.R. 7801 ("Relief previously obtained by writs of certiorari to review, mandamus or prohibition shall be obtained in a proceeding under this article"); N.Y. C.P.L.R. 7804(b) (Article 78 proceeding must be commenced in state supreme court).  Indeed, Thomas previously pursued an Article 78 proceeding with respect to DHR's initial decision on the merits and can do so again if he is not satisfied with DHR's decision denying his request to withdraw his complaint for procedural reasons. Absent a federal ground for challenging DHR's determination (which Thomas has not raised), a federal court should not exercise supplemental jurisdiction over an Article 78

4

matter. *See, e.g.*, *De Jesus v. City of New York*, No. 10-CV-9400, 2012 WL 569176, at *4 (S.D.N.Y. Feb. 12, 2012) ("Recognizing state courts' exclusive jurisdiction over Article 78, courts within this circuit have consistently declined to exercise supplemental jurisdiction over Article 78 claims") (citing cases).

Accordingly, Thomas's motion for a writ of prohibition should be denied.

## Conclusion

For the foregoing reasons, I recommend that Plaintiff's motion for a writ of prohibition be denied. The Court has considered all arguments raised by Thomas, and to the extent they are not addressed herein, finds them to be without merit. Pursuant to 28 U.S.C. §§ 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Analisa Torres, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, New York, New York 10007. **Failure to file timely objections will preclude the right to object and to appellate review.**

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 5, 2022
New York, New York

Copies transmitted this date to all counsel of record. The Clerk's Office is respectfully directed to mail a copy of this Order to Plaintiff *pro se* and note service on the docket.
 Cazé D. Thomas
 65-45 Parsons Blvd, #1M
 Fresh Meadows, NY 11365

5