

**BOND SCHOENECK & KING**

600 Third Avenue, 22nd Floor | New York, NY 10016 | bsk.com
1010 Franklin Avenue, Suite 200 | Garden City, NY 11530 | bsk.com

JESSICA C. MOLLER, ESQ.
JMoller@bsk.com
P: 646.253.2335 or 516.267.6332

March 10, 2022

**VIA ECF**

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Cazé D. Thomas v. Five Star Electric, et al.,* 18-cv-3691 (AT)(RWL)

Dear Judge Torres:

We represent Defendant Five Star Electric ("Five Star") with regard to the above referenced matter. As you know, by Order issued on March 1, 2022, this Court ordered that a status report be provided by the earlier of April 1, 2022 or within seven days of a final order of dismissal of the related administrative proceeding pending before the New York State Division of Human Rights ("Division"), and the impact such a final order of dismissal may have on the motions currently pending before Your Honor. This letter is provided in accordance with this Court's March 1, 2022 order.

Status of Division Proceedings

On March 4, 2022, we received the enclosed Notice and Final Order ("Final Order") from the Division, which adopts as a final order the Recommended Order of Annulment of Election of Remedies that Administrative Law Judge Alexander Linzer issued on January 24, 2022 ("Recommended Order"). Accordingly, the Recommended Order's recommendation that Plaintiff's request to annul his Division Complaint be granted and the Division proceedings dismissed "on the grounds that the [Plaintiff's] election of an administrative remedy is annulled" pursuant to Section 297(9) of the NYS Human Rights Law ("Section 297(9)"), now constitutes a final order of the Division.

The Division proceedings are now closed and Plaintiff has been granted an annulment of his election of remedies pursuant to Section 297(9).

Impact of Annulment on Pending Motions

The Division's annulment of Plaintiff's election of remedies will have an impact on two motions that are currently pending before Your Honor—*i.e.*, Plaintiff's motion for a writ of

Hon. Analisa Torres
March 10, 2022
Page 2

prohibition and Five Star's motion to dismiss. The impact on each motion is discussed below.

*Plaintiff's Motion for a Writ of Prohibition*

Currently pending before Your Honor is a motion that Plaintiff filed on April 6, 2021 seeking a Writ of Prohibition to restrain the Division from preventing Plaintiff from annulling his Division complaint (ECF Docket No. 86). As you know, on December 16, 2021, Plaintiff's motion was referred to Magistrate Lehrburger for consideration. Thereafter, on January 5, 2022, Magistrate Lehrburger issued a Report and Recommendation recommending that Plaintiff's motion for a Writ of Prohibition be denied (the "R&R") (ECF Doc. No. 97). Plaintiff subsequently filed a notice of motion seeking the recusal of Magistrate Lehrburger from this case, which was docketed as Plaintiff's objection to the R&R (ECF Doc. No. 98) but which only minimally addresses Magistrate Lehrburger's findings and recommendations in the R&R (*see* ECF Doc. No. 98 at 7-8[1]).

Although Five Star did not previously take a position as to the merits of Plaintiff's motion for a writ of prohibition (*see* ECF Doc. No. 87), at this time Five Star believes that Plaintiff's motion has been rendered moot by the Division's Final Order granting Plaintiff's request for an annulment of his election of remedies. To the extent Plaintiff seeks a writ of prohibition from this Court, according to Plaintiff's notice of motion, the writ Plaintiff sought was "to restrain the NYSDHR from violating the Plaintiff's rights to annul [sic] his complaint." (ECF Doc. No. 86). Now that the Division has granted Plaintiff an annulment, Plaintiff has already obtained the relief he seeks from this Court. Accordingly, Plaintiff's motion is now moot. Similarly, to the extent Plaintiff's objections to the R&R sought the recusal of Magistrate Lehrburger from this case, it appears that Plaintiff's request stemmed from Magistrate Lehrburger's denial of his motion for a writ of prohibition (*see* ECF Doc. No. 98 at 7-8). But Plaintiff has not asserted any basis upon which to support recusal, as the R&R provides a well-reasoned and correct analysis of the applicable law, and now that the Division has granted Plaintiff an annulment Five Star submits that Plaintiff's basis for seeking the recusal of Magistrate Lehrburger has also been rendered moot.

*Five Star's Motion to Dismiss*

As you know, also currently pending before Your Honor are motions to dismiss filed by Five Star and co-Defendant MTA. As relates to Five Star's motion, one of the arguments asserted was that Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") were barred by the

---

[1] The referenced page numbers are to the page numbers in the ECF header.

Hon. Analisa Torres
March 10, 2022
Page 3

election of remedies doctrine and should be dismissed on that basis. (*See* ECF Doc. No. 26 at Point I; ECF Doc. No. 67 at Point I).

On August 23, 2019, Magistrate Lehrburger issued a Report and Recommendation (ECF Doc. No. 74) wherein he recommended granting the motions to dismiss that were previously filed by Five Star and co-Defendant MTA (the "Dismissal R&R"). As Magistrate Lehrburger held regarding Five Star's motion, Plaintiff's claims under the NYSHRL and NYCHRL were barred by the election of remedies doctrine, and Plaintiff's complaint failed to otherwise state a plausible claim against Five Star. Thereafter, Plaintiff filed objections to the Dismissal R&R (ECF Doc. 83), and Five Star filed a response in opposition to Plaintiff's objections (ECF Doc. No. 85). The Dismissal R&R is currently pending before Your Honor.

In light of the Final Order through which the Division annulled Plaintiff's administrative complaint, Five Star believes that the election of remedies argument previously asserted as to why Plaintiff's NYSHRL and NYCHRL claims should be dismissed, and the election of remedies basis for Magistrate Lehrburger's recommendation as to dismissal of Plaintiff's NYSHRL and NYCHRL claims against Five Star, are no longer viable. Accordingly, Five Star withdraws[2] the election of remedies arguments previously asserted in its motion to dismiss.

However, even without Plaintiff having elected his administrative remedies, Five Star respectfully submits that Plaintiff's NYSHRL and NYCHRL claims against Five Star must still be dismissed for the reasons discussed below.

As best can be gleaned from the Second Amended Complaint, Plaintiff attempts to assert sex and sexual orientation-based discriminatory discharge and hostile work environment claims under the NYSHRL and NYCHRL. However, as Magistrate Lehrburger's findings and determinations in the Dismissal R&R demonstrate, the Second Amended Complaint fails to assert a plausible claim under either theory.

First, regarding Plaintiff's claims under the NYSHRL, Magistrate Lehrburger correctly noted in the Dismissal R&R: "Courts in this Circuit have long noted that '[f]or most purposes … the law under the [NYSHRL] is coextensive with or substantially the same as that under Title VII.'" Dismissal R&R at 17 *quoting Koke v. Baumgardner,* 2016 WL 93094, *2 (S.D.N.Y. Jan. 5, 2016 (alteration in original). As Magistrate Lehrburger already determined based on a thorough and well-reasoned analysis of the allegations in the Second Amended Complaint and applicable law, "[Plaintiff's] Title VII claims against Five Star should be dismissed because they fail to state a claim. … [H]is allegations against Five Star fail to state a claim because they do not 'give plausible support to a minimal

---

[2] Five Star's withdrawal is without prejudice to renewal in the event that Plaintiff (or any other party to the Division proceeding) appeals the Division's Final Order.

inference of discriminatory motivation.'" Dismissal R&R at 38 *quoting Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84-86 (2d Cir. 2015). Such finding is determinative of Plaintiff's NYSHRL claims against Five Star, and, accordingly, Plaintiff's NYSHRL claims should be dismissed on the same basis. *See, e.g., Smith v. Xerox Corp.*, 196 F.3d 358, 363 n. 1 (2d Cir. 1999) ("claims under the NYSHRL are analyzed identically to claims under … Title VII, [and therefore] the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under … Title VII"); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 n. 3, 786 N.Y.S.2d 382 (2004) ("The standards for recovery under the New York State Human Rights Law … are the same as the federal standards under Title VII of the Civil Rights Act of 1964.").

Regarding Plaintiff's claims under the NYCHRL, claims under the NYCHRL must be analyzed independently from claims under federal or state law. But "there 'nevertheless remains very substantial overlap, both factually and legally, between Title VII and NYCHRL claims despite the fact that the two statutes are not [entirely] coextensive." Dismissal R&R at 18 *quoting Koke*, 2016 WL 93094 at *2 (alteration in original). Again, however, Magistrate Lehrburger's findings in the Dismissal R&R are determinative.

As already determined by Magistrate Lehrburger, "[t]he bulk of allegations in the [Second Amended] Complaint are interpersonal disputes, unrelated to potential discrimination, between Thomas and other employees of Five Star." Dismissal R&R at 38. Such allegations therefore provide no support to Plaintiff's claims of discrimination, as even under the standards applicable to claims under the NYCHRL, allegations must still demonstrate a plausible claim that the complained of conduct constitutes "is caused at least in part by discriminatory … motives." *Mihalik v. Credit Agricole Cheuvreux N. Am. Inc.*, 715 F.3d 102, 113 (2d Cir. 2013); *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009) ("the primary issue [in cases under the NYCHRL] … is whether the plaintiff has proven by a preponderance of the evidence that she has been treated less well than other employees because of her [protected status]"). Indeed, discrimination claims under the NYCHRL necessarily fail where allegations fail to allege a plausible inference that the treatment about which the plaintiff complains was motivated by the plaintiff's sex or other protected status. *See* Dismissal R&R at 30 *citing Simon v. City of New York*, 2019 WL 916767, *5 (S.D.N.Y. Feb. 14, 2019), *Richards v. New York City Dep't of Educ.*, 2015 WL 4164746, *10 (S.D.N.Y. July 10, 2019) *and Bliss v. MXK Rest. Corp.*, 220 F. Supp. 3d 419, 424 (S.D.N.Y. 2016); *see also Fenn v. Verizon Communications, Inc.*, 2010 U.S. Dist. LEXIS 23831, *24 n. 7 (S.D.N.Y. 2010) ("The broader reach of the NYCHRL has no effect in this case, because … [plaintiff] was harassed not because of his sex or religion, but because he was perceived as having violated an informal agreement among union members").

As noted by Magistrate Lehrburger, there are only four allegations that potentially have any relevance to Plaintiff's discrimination claims against Five Star:

Hon. Analisa Torres
March 10, 2022
Page 5

> [T]hat foreman Valerio told an elevator operator of times when Thomas had been referred to as a "female;" that Valerio ordered Thomas to go wherever his assigned partner went, including the bathroom; that two unidentified employees assumed a shirtless photo of a male on Thomas' phone was his lover; and that Five Star terminated Thomas' employment.

Dismissal R&R at 38-39. But these allegations fail to state plausible claims against Five Star under either a disparate treatment or discriminatory discharge theory, and that the allegations failed to constitute an actionable hostile work environment.

For example, as Magistrate Lehrburger held with regard to Plaintiff's discriminatory discharge claim:

> Thomas has failed to allege that sex was a motivating factor in his termination. By his own account, Thomas was late or absent to work multiple times … and Thomas had interpersonal problems with multiple employees and supervisors. Thomas' allegation that Valerio stated that Thomas had been referred to as female, or that unidentified employees assumed a photo depicted Thomas' lover, hardly leads to an inference that sex was a motivating factor in Thomas' termination.

Dismissal R&R at 39-40. Although this determination was made in the context of Title VII, the outcome is no different when analyzed under the NYCHRL framework, as discriminatory motive is still required to have a plausible claim. *Godbolt v. Verizon N.Y. Inc.*, 115 A.D.3d 493, 494 (1st Dep't 2014) (affirming dismissal of discriminatory discharge claim asserted under the NYCHRL; "Even under the mixed-motive analysis applicable to City Human Rights Law claims, plaintiff's claim fails because there is no evidence from which a reasonable factfinder could infer that [plaintiff's protected status] played any role in defendant's decision to terminate him."); *Breitstein v. The Michael C. Fina Co.*, 2016 N.Y. Misc. LEXIS 3591, *27, *30-31 (dismissing NYCHRL discriminatory discharge claims because plaintiff failed to demonstrate the defendant's reasons for terminating his employment were pretextual or that the plaintiff's protected status was a motivating factor for the termination decision).

Similarly, notwithstanding the lower threshold for establishing a hostile work environment under the NYSHRL as compared to Title VII, Magistrate Lehburger has already determined that the limited sex/sexual orientation-based allegations in the Second Amended Complaint constitute isolated incidents that do not create a hostile work environment. *See* Dismissal R&R at 41. Although that determination was made in the context of Title VII, the outcome under the NYCHRL is the same. At best, these isolated

Hon. Analisa Torres
March 10, 2022
Page 6

incidents constitute petty slights or trivial inconveniences that fail to establish a hostile work environment under the NYCHRL.  *See, e.g.*, *Magnoni v. Smith & Laquercia, LLP*, 701 F. Supp. 2d 497, 505-506 (S.D.N.Y. 2010) (plaintiff could not sustain a sex-based harassment claim under NYCHRL where supervisor "[told] a crude anecdote from his sex life with another woman, and occasionally referr[ed] to [the plaintiff] as voluptuous and knock[ed] her knee"); *Russo v. N.Y. Presbyterian Hosp.*, 972 F. Supp. 2d 429, 450-451 (E.D.N.Y. 2013) ("Isolated incidents of unwelcome verbal and physical conduct have been found to constitute the type of 'petty slights and trivial inconveniences' that are not actionable even under the more liberal NYCHRL standard."); *Buchwald v. Silverman Shin & Byrne PLLC*, Index No. 155828/2013 (Sup. Ct. N.Y. Cnty. July 20, 2016), *aff'd*, 149 A.D.3d 560 (1st Dep't 2017) (affirming dismissal of NYCHRL hostile work environment claim based on supervisor's reference to plaintiff as a "nut," "nutjob," and "lunatic" approximately ten times over a five month period because those statements were "petty slights or trivial inconveniences"); *Kosarin-Ritter v. Mrs. John L. Strong, LLC*, 2013 N.Y. Misc. LEXIS 850 (Sup. Ct. N.Y. Cnty. 2013), *aff'd*, 117 A.D.3d 603 (1st Dep't 2014) (affirming dismissal of age-based NYCHRL hostile work environment claim premised on plaintiff's supervisor's statement that plaintiff's gray hair made her look old, a statement that the company was "going young," and an email from plaintiff's supervisor with a cartoon video about senior citizens attached, because those things were "merely isolated remarks and incidents that a reasonable trier of fact would find nothing more than 'petty slights and trivial inconveniences'"); *Mejia v T.N. 888 Eighth Ave. LLC Co.*, 2016 N.Y. Misc. LEXIS 4841, *6, *29-30 (Sup. Ct. N.Y. Cnty. 2016) (dismissing NYCHRL national origin hostile work environment claim holding reference to plaintiff as a drug dealer and statement to plaintiff to "Get out, you 'f...ing' bitch. What are you thinking? This is my place and I do whatever I want. You don't belong here, you 'f...ing' Colombian. Go back to Colombia,'" were "no more[] than 'petty slights and trivial inconveniences'"); *Breitstein v. The Michael C. Fina Co.*, 2016 N.Y. Misc. LEXIS 3591, *39-40 (Sup. Ct. N.Y. Cnty. 2016) (dismissing religious based NYCHRL hostile environment claim based on disparaging comments plaintiffs' supervisor made about plaintiff's religion because "a reasonable juror would find that these sporadic comments are too petty and trivial to rise to an actionable level").

In sum, Five Star respectfully submits that with the exception of the election of remedies discussion in the Dismissal R&R, the Dismissal R&R should be adopted in full by this Court and all claims dismissed as against Five Star for the reasons discussed therein and as set forth above.  Although Plaintiff is deemed to have no longer elected his remedies in light of the Division's Final Order, the Second Amended Complaint fails to set forth any facts to render Plaintiff's NYSHRL and NYCHRL claims plausible as required.  Plaintiff's NYSHRL and NYCHRL claims be dismissed with prejudice as against Five Star.

Hon. Analisa Torres
March 10, 2022
Page 7

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*/s/ Jessica C. Moller*

Jessica C. Moller

cc: Cazé D. Thomas, Pro Se Plaintiff (via ECF and first class mail)
All Counsel of Record (via ECF)

13793699.3 3/10/2022