

600 Third Avenue, 22nd Floor | New York, NY 10016 | bsk.com
1010 Franklin Avenue, Suite 200 | Garden City, NY 11530 | bsk.com

**JESSICA C. MOLLER, ESQ.**
JMoller@bsk.com
P: 646.253.2335 or 516.267.6332

March 16, 2022

**VIA ECF**

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Cazé D. Thomas v. Five Star Electric, et al., 18-cv-3691 (AT)(RWL)*

Dear Judge Torres:

We represent Defendant Five Star Electric ("Five Star") with regard to the above referenced matter. As you know, yesterday, Plaintiff Caze Thomas filed a motion to amend the complaint (ECF Doc. No. 109). Please accept this letter in opposition to that motion.

Five Star submits that Plaintiff's motion should be denied in all respects.

Plaintiff's request to amend has already been denied by the Court. Prior to filing his current request, on or about December 14, 2021, Plaintiff filed a similar motion to amend the complaint, wherein he similarly listed a variety of claims that he intended to add to the operative complaint. (*See* ECF Doc. No. 93). In denying that request on December 17, 2021, Magistrate Lehrburger held:

> Plaintiff's request to amend is DENIED. Plaintiff has already twice amended his complaint. A Report and Recommendation recommending dismissal of the complaint remains pending. The request to amend simply adds a laundry list of additional claims (such as obstruction of justice, defamation, and slander) without asserting any facts to plausibly support those claims. And, even with a liberal reading of the Second Amended Complaint, the proposed additional claims are not plausibly stated.

To the extent Plaintiff's current motion could be read as one to reconsider the prior denial, it is untimely (*see* Local Civil Rule 6.3) and Plaintiff has failed to establish the necessary criteria for reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will

Hon. Analisa Torres
March 16, 2022
Page 2

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

In addition, regarding Plaintiff's attempt to assert new claims of race-based discrimination against Five Star, notwithstanding that Plaintiff's employment with Five Star ended on April 13, 2017, that the EEOC issued Plaintiff right to sue on January 25, 2018 (see ECF Doc. No. 63 at 10, 14[1]) and that this action has been pending for approximately four years, this is the first time such allegations have been made.  Not only are Plaintiff's race-based discrimination claims entirely speculative and not rendered plausible by the factual allegations in the complaint, but these newly asserted claims are time-barred.  *Friedman v. Swiss Re Am. Holding Corp.*, 2013 U.S. App. LEXIS 3836, *2 (2d Cir. 2013) ("In order to pursue successfully a Title VII … claim in federal court, a plaintiff must file his federal complaint within 90 days of receipt of his right-to-sue notice from the Equal Employment Opportunity Commission"); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ("claims under the NYSHRL and the NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts").

Finally, as to the myriad of other claims listed in Plaintiff's motion (*see* ECF Doc. No. 109 at pg. 10), the list includes claims that have no relevance or applicability to the allegations in the complaint.[2]  Even broadly construing the Second Amended Complaint, such claims are not plausible.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*/s/ Jessica Moller*

Jessica C. Moller


cc:   Cazé D. Thomas, Pro Se Plaintiff (via ECF and first class mail)
      All Counsel of Record (via ECF)

---

[1] The page references are to the page numbers in the ECF document header.
[2] For example, Plaintiff attempts to add a claims against Five Star under 18 U.S.C. §371 and §471, but that those provisions applies only to activities engaged in against *the United States*, not a private company such as Five Star.