USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/16/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZÉ D. THOMAS,

                Plaintiff,

-against-

FIVE STAR ELECTRIC, DEPARTMENT OF EEOC, DEPARTMENT OF HUMAN RIGHTS, and METROPOLITAN TRANSPORTATION AUTHORITY,

                Defendants.

18 Civ. 3691 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

On April 26, 2018, Plaintiff *pro se*, Cazé D. Thomas, filed a complaint against Defendants Five Star Electric ("Five Star") and the Metropolitan Transportation Authority ("MTA") alleging that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec Law § 290, *et seq.*, the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment. *See* Compl., ECF No. 1; Sec. Amend. Compl., ECF No. 63. Defendants moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), and Five Star additionally moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1). *See* ECF Nos. 16, 20, 25. On March 6, 2019, the motions were referred to the Honorable Robert W. Lehrburger for a report and recommendation ("R&R"). ECF No. 73. On December 16, 2021, the Court referred Plaintiff's motion for a "writ of prohibition," ECF No. 86, to Judge Lehrburger for an R&R. ECF No. 94.

Before the Court are Judge Lehrburger's R&R dated May 5, 2022 ("R&R I"), which recommends that Defendants' motions to dismiss be granted and the complaint be dismissed with

prejudice, R&R I, ECF No. 116,[1] and Judge Lehrburger's R&R dated January 5, 2022 ("R&R II"), which recommends that Plaintiff's request for a writ of prohibition be denied, R&R II, ECF No. 97.[2]  For the reasons stated below, the Court, except as noted below, OVERRULES Plaintiff's objections, ADOPTS R&R I, and GRANTS Defendants' motions to dismiss.  The Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Five Star under the NYCHRL and DISMISSES them without prejudice and DISMISSES the remainder of Plaintiff's claims with prejudice.  The Court also REJECTS R&R II in its entirety and DENIES Plaintiff's request for a writ of prohibition as moot.

## DISCUSSION[3]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review.").  Moreover, "a

---

[1] Judge Lehrburger's original R&R was filed on August 23, 2019.  ECF No. 74.  But, after developments in the case rendered moot certain arguments made by Defendants, Judge Lehrburger submitted an amended R&R.  *See* R&R I at 1 n.1.

[2] Plaintiff also moves for Judge Lehrburger's recusal arguing that he should not be "reduced to a lower court" and because he disagrees with some of Judge Lehrburger's findings in the R&Rs.  *See* ECF No. 98 at 1, 7.  Neither of these grounds provides a basis for Judge Lehrburger's recusal, *see Sea Gate Ass'n v. Krichevsky*, No. 18 Civ. 3408, 2019 WL 8587287, at *5 (E.D.N.Y. June 21, 2019); Fed. R. Civ. P. 72(b).  Accordingly, Plaintiff's request for Judge Lehrburger's recusal is DENIED.

[3] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R I at 2–10, and, therefore, does not summarize them here.

2

district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. R&R I

Plaintiff raises numerous objections to R&R I, including many that are directed at R&R I's characterization of his factual allegations. To the extent that Plaintiff's objections are specific and call into question R&R I's recommendations, the Court shall address that portion of R&R I *de novo*. But, where Plaintiff's objections simply reiterate his original arguments, including his arguments regarding what conclusions the Court should draw from his factual allegations, the Court shall not consider them, and shall review R&R I for clear error. *See Wallace*, 2014 WL 2854631, at *1. And, the Court shall not consider Plaintiff's objections that raise new issues that could have been raised before Judge Lehrburger. *See Gladden*, 394 F. Supp. 3d at 480.

First, Plaintiff objects to R&R I's characterization of an interaction Plaintiff overheard between one of his supervisors at Five Star, Felix Valerio, and an elevator operator. According to Plaintiff, the second amended complaint alleges that he overheard Valerio telling the elevator operator that Plaintiff was "a female" and that "Caze" was not his name. Pl. Objs. at 2, ECF No. 122. In contrast, R&R I states that "Thomas overheard Valerio telling a male elevator operator details about previous times where *other workers* referred to Thomas as a 'female.'" R&R I at 3 (emphasis added). After reviewing the second amended complaint, the Court agrees with Plaintiff that he has alleged that Valerio "referred to him as a female." Sec. Amend. Compl. at 107. Thus, the Court shall review the portions of R&R I that address this allegation *de novo*.

When discussing Plaintiff's discrimination claim against Five Star under Title VII, R&R I states that Plaintiff's "allegation that Valerio stated that [Plaintiff] had been referred to as female, or that unidentified employees assumed a photo depicted [Plaintiff's] lover, hardly leads to an inference that sex was a motivating factor in [Plaintiff's] termination." R&R I at 39. Taking into account Plaintiff's allegation that Valerio referred to Plaintiff as female, the Court finds that Plaintiff still fails to make a *prima facie* case that sex was a motivating factor in Plaintiff's firing. This comment did not relate to Plaintiff's eventual termination, and, when considered with all of Plaintiff's other allegations, does not suffice to "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Next, when assessing Plaintiff's claim for a hostile work environment against Five Star under Title VII, R&R I again discusses an incident when Plaintiff "overheard Valerio tell an elevator operator about times when [Plaintiff] had been previously referred to as female." *Id*. at 40. R&R I considers this allegation, but finds that "second-hand comments, while relevant, 'are not as impactful on one's environment as direct statements [and,] consequently, they are less

4

persuasive in stating a hostile work environment claim.'" *Id*. (quoting *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 68 (S.D.N.Y. 2015)) (alterations in original). Again, taking into account Plaintiff's actual allegation, the Court finds that Plaintiff has failed to state a hostile work environment claim under Title VII. Even if Valerio referred to Thomas as "female," this statement is still a second-hand comment that is "less persuasive in stating a hostile work environment claim." *Lenart*, 131 F. Supp. 3d at 68. Indeed, *Lenart*, on which R&R I relies, dealt with a situation in which a supervisor made a comment to another employee who was not the plaintiff. *See id*. After considering all of Plaintiff's allegations, the Court finds that Plaintiff has not shown that he experienced conduct that was "objectively severe or pervasive" because of his sex. *See Johnson v. J. Walter Thompson U.S.A., LLC*, 224 F. Supp. 3d 296, 306 (S.D.N.Y. 2016) (emphasis omitted).

With respect to Plaintiff's state law claims against Five Star, the analysis above applies equally to R&R I's assessment of Plaintiff's claims under the NYSHRL. *See Koke v. Baumgardner*, No. 15 Civ. 9673, 2016 WL 93094, at *2 (S.D.N.Y. Jan. 5, 2016) (discrimination); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (hostile work environment). But, Plaintiff's claims under the NYCHRL must be considered separately because they encompass a broader range of conduct. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). Rather than conduct this separate analysis, the Court declines to exercise supplemental jurisdiction over Plaintiff's discrimination and hostile work environment claims against Five Star under the NYCHRL and shall dismiss them on that basis. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Therefore, Plaintiff's objection to R&R I's characterization of his allegations with respect

5

to the conversation he overheard involving Valerio is SUSTAINED. The Court REJECTS R&R I's depiction of that allegation and its assessment of Plaintiff's discrimination and hostile work environment claims against Five Star under the NYCHRL, but it ADOPTS R&R I's assessment of these claims under Title VII and the NYSHRL.

Second, Plaintiff objects to R&R I's conclusion that his retaliation claims against Five Star fail because he did not make a complaint. Pl. Objs. at 22. The R&R found that Plaintiff failed to make retaliation claims because he did not allege that he made a complaint relating to discriminatory employment practices by Five Star. R&R I at 43. Plaintiff argues that R&R I erred because, when he went to request the security footage, he explained that he wanted this footage because he was being falsely accused of threatening another employee. Pl. Objs. at 22. Assuming, *arguendo*, that the second amended complaint included these allegations, they do not describe a complaint that could sustain a retaliation claim under Title VII or the NYSHRL. *See Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012). Therefore, the Court OVERRULES Plaintiff's objections and ADOPTS the section of R&R I that dismisses Plaintiff's retaliation claims against Five Star under Title VII and the NYSHRL. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's retaliation claim against Five Star under the NYCHRL, the Court REJECTS the section of the R&R that dismisses that claim.

Third, Plaintiff appears to object to R&R I's conclusion that his claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against the MTA fails because, as he contends, the MTA implemented a policy of preventing dangerous people from entering certain buildings and neglected that policy in some unspecified way. Pl. Objs. at 4. Plaintiff also objects to R&R I's conclusion that he did not state a claim for municipal liability, arguing that R&R I did not consider that he has alleged that MTA employees acted negligently and they "represented the

municipality of the MTA." Pl. Objs. at 19.

The Court agrees with R&R I that Plaintiff has failed to state a *Monell* claim against the MTA. R&R I, 32–33. Plaintiff does not allege that he was injured by any policy, practice, or custom; rather, even in his objections, he argues that he was injured by the acts or failures of individual MTA employees. *See generally* Sec. Amend. Compl.; Pl. Objs. at 19. And, as R&R I correctly notes, *Monell* claims require a plaintiff to show that he was injured by a "discriminatory practice," *Littlejohn*, 795 F.3d at 315, which Plaintiff has not alleged. R&R I at 31–33. Moreover, R&R I also correctly states that *Monell* claims cannot be based on a theory of *respondeat superior*, *see Doe v. City of New York*, No. 18 Civ. 12038, 2019 WL 1768966, at *6 (S.D.N.Y. Apr. 12, 2019), and Plaintiff has not alleged any facts that suggest that the actions of MTA employees can be said to represent the conscious choices of the municipality itself, *see Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004). *See* R&R I at 31–33. Therefore, Plaintiff's objection is OVERRULED and the sections of R&R I that discuss Plaintiff's *Monell* claim against the MTA are ADOPTED.

Fourth, Plaintiff objects to R&R I's characterization of his allegations related to an MTA security guard following him into the restroom. Pl. Objs. at 6. R&R I states that Plaintiff "felt that an MTA security guard was at times following him into the restroom as if he was ordered to do so." R&R I at 4 (quotation marks omitted). Plaintiff argues that he did not merely allege that he *felt* that an MTA security guard was following him; rather, he alleged that an MTA security guard *actually followed* him into the restroom as if he was ordered to do so. Pl. Objs. at 6. In the second amended complaint, Plaintiff alleged that he "noticed" that a security guard "would follow him in the restroom as if he was ordered to do so." *See* Sec. Amend. Compl. at 107. Although R&R I's characterization of this allegation does not always mirror the exact language used in the

7

second amended complaint, it does not misconstrue this allegation in describing the facts of the case or in considering Plaintiff's claims. *See* R&R I at 24 (stating that Plaintiff "alleg[ed] that . . . he noticed that an MTA security officer repeatedly followed him into the restroom"); *see also id.* at 26, 32. Therefore, Plaintiff's objection is OVERRULED and the sections of R&R I that discuss this allegation are ADOPTED.

Fifth, Plaintiff objects to R&R I's finding that the MTA was "excused" from all of the civil rights violations Plaintiff alleges because it was not Plaintiff's employer. *See*, *e.g.*, Pl. Objs. at 19. Although R&R I finds that Plaintiff cannot state claims for employment discrimination under Title VII, the NYSHRL, or the NYCHRL against the MTA because it was not Plaintiff's employer, *see*, *e.g.*, R&R I at 24, it goes on to separately assess whether Plaintiff had stated a *Monell* claim against the MTA without considering whether it was Plaintiff's employer, *see id.* at 31–33. Plaintiff does not articulate what other claims he has against the MTA that do not require him to show that the MTA was his employer. Therefore, Plaintiff's objection is OVERRULED and the Court ADOPTS the sections of R&R I that dismiss Plaintiff's claims against the MTA under Title VII, the NYSHRL, and the NYCHRL because the MTA was not Plaintiff's employer.

Sixth, Plaintiff objects to R&R I's conclusion that he failed to exhaust his Title VII claims against the MTA, arguing that this failure should be excused because someone told him that the MTA could not be included in his New York State Division of Human Rights (the "DHR") complaint because it was not his employer. Pl. Objs. at 14–15. R&R I concluded that Plaintiff's claims against the MTA under Title VII fail, in part, because he neither filed charges of employment discrimination against the MTA with the Equal Employment Opportunity Commission (the "EEOC") nor a local state agency. R&R I at 34. Because the Court finds that Plaintiff's Title VII claims against the MTA can be dismissed on other grounds, including, *inter*

*alia*, the MTA not being Plaintiff's employer, it declines to adopt the portion of R&R I that finds that his Title VII claims can be dismissed for a failure to exhaust administrative remedies. Therefore, the Court REJECTS the section of R&R I that dismisses Plaintiff's Title VII claims against the MTA based on a failure to exhaust his administrative remedies.

The Court has reviewed the remainder of the thorough and well-reasoned R&R I for clear error and finds none. Accordingly, except as noted above, the Court OVERRULES Plaintiff's objections, ADOPTS R&R I, and GRANTS Defendant's motion to dismiss. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Five Star under the NYCHRL and DISMISSES them without prejudice, and DISMISSES the remainder of Plaintiff's claims with prejudice.

III. R&R II

R&R II recommends denying Plaintiff's request for a writ of prohibition, which it construes as a request to restrain the DHR from allegedly violating his right to annul the complaint he filed with the DHR, on various grounds. *See generally* R&R II. After Judge Lehrburger issued R&R II, the DHR granted Plaintiff's request to annul his complaint. *See* ECF No. 107. Accordingly, the Court REJECTS R&R II in its entirety and DENIES Plaintiff's request as moot.

**CONCLUSION**

For the foregoing reasons, the Court, except as noted above, OVERRULES Plaintiff's objections, ADOPTS R&R I, and GRANTS Defendants' motions to dismiss. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Five Star under the NYCHRL and DISMISSES them without prejudice and DISMISSES the remainder of Plaintiff's claims with prejudice. The Court also REJECTS R&R II in its entirety and DENIES Plaintiff's request

9

for a writ of prohibition as moot.

The Clerk of Court is directed to terminate the motion at ECF No. 86, mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: September 16, 2022
      New York, New York

                                                ANALISA TORRES
                                     United States District Judge